STATE OF MARYLAND, EX REL. JOHN L. RENNER *v.* J. LEROY WRIGHT, WARDEN

[No. 97, October Term, 1946.]

190

*Decided March 19, 1947.*

The cause was submitted to MARBURY, C. J., DELA-PLAINE, GRASON, HENDERSON, and MARKELL, JJ.

Submitted on brief by *John L. Renner*, appellant, *pro se.*

Submitted on brief by *Hall Hammond, Attorney General*, and *J. Edgar Harvey, Assistant Attorney General*, for the appellee.

GRASON, J., delivered the opinion of the Court.

On November 1, 1945, appellant was convicted in the Circuit Court for Frederick County, Maryland, of the crime of forgery, and sentenced to serve a term of four years in the Maryland House of Correction. On October 22, 1946, he filed a petition for a writ of *habeas corpus*, addressed to Judge Boylan, one of the judges of the Fifth Judicial Circuit, in which he recited his conviction and sentence; that at the time of said conviction he was suffering from stomach ulcers and was very nervous, for which he had been treated by a doctor since 1939; that since his imprisonment he had been able to obtain medicine on only a few occasions, and was refused treatment by the doctor at the prison hospital.

He further stated he was, on September 5, 1944, rejected from selective service because of the above ailment. He stated he was denied a writ of *habeas corpus* by Judge Tucker, one of the judges of the Supreme Bench of Baltimore City, and was advised by that judge to address his complaint that he was denied medical care to the Board of Correction, and that he followed that suggestion but obtained no relief. Judge Boylan denied the writ and the petitioner appeals to this Court.

In the "Summary of Entire Case," contained in the brief of petitioner, the following statement of facts appears: On December 28, 1945, less than two months after his conviction, he escaped from the House of Correction, and was apprehended. He evidently was indicted for escaping from the House of Correction (Supplement 1943 to Code, 1939, Art. 27, Sec. 149), for petitioner states that after being apprehended on January 31, 1946, he was, on March 21, 1946, sentenced to serve an additional term of twenty months. On June 26, 1946, he again escaped from the House of Correction, was apprehended the same day, evidently again indicted for escaping from that institution, and received a sentence of two years. The reason he gives for these escapes, and the basis for his release on *habeas corpus,* is that he is unable to get medicine or medical treatment for his stomach condition at the House of Correction. This refusal to furnish him with medical care and attention at that institution, he contends, constitutes a violation of the Fourteenth Amendment of the Constitution of the United States.

The law relating to *habeas corpus* has been fully reviewed by this Court in two very recent opinions, and need not be restated. *Olewiler v. Brady, Warden,* 185 Md. 341, 44 A. 2d 807; *Bernard v. Warden of Md. House of Correction,* 187 Md. 273, 49 A. 2d 737.

In *Sarshik v. Sanford,* 5 Cir, 142 F. 2d 676, the complaint was that the petitioner was ill, and so treated as to aggravate his illness, and prevent his efforts to help himself in the courts by legal process. In that case the

petitioner had never been disciplined and was allowed to carry on correspondence with his lawyers and there was no interference with his seeking the writ of *habeas corpus*. It was there said: "The courts have no function to superintend the treatment of prisoners in the penitentiary, but only to deliver from prison those who are illegally detained there."

We cannot infer from the general statement contained in the petition that the Board of Correction would refuse the petitioner relief, if his complaint was merited.

*Order affirmed, without costs.*