STATE EX REL. JACOBS *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 29, October Term, 1947.]

*Decided May 21, 1948.*

Before MARBURY, C. J., DELAPLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Per Curiam.*

This is an application for leave to appeal from denial of a writ of habeas corpus. On November 10, 1932

petitioner, who was represented by counsel, withdrew a plea of not guilty and pleaded guilty of murder, was determined by the court to be guilty of murder' in the first degree, and was sentenced to imprisonment for life. The next day he was committed to Crownsville State Hospital. After about two years he was returned to the Penitentiary. In 1944 he filed a petition for a writ of *error coram nobis,* apparently on the ground that he was convicted while insane; in 1945 the petition was dismissed after hearing testimony on the merits. Cf. *Keane v. State,* 164 Md. 685, 692, 166 A. 410. In November, 1946 he applied for a writ of habeas corpus, which was granted, returnable November 18, 1946. Hearing was postponed at his request to enable him to obtain a lawyer. Four more postponements, he says, were due to delay and neglect of lawyers, who no longer represent him. In February, 1948 he wrote to Judge Manley, asking a hearing on his 1946 petition and writ. On February 16, 1948, Judge Manley "denied" his "application for a writ of habeas corpus", *i. e.* presumably, denied relief under the 1946 application and writ. The application to this court, which we treat as an application for leave to appeal from Judge Manley's action, is in form an application for a writ of habeas corpus, setting forth facts at some length.

After consideration of all statements in any of the papers in the lower court or in this court, we find no allegation of facts which would entitle petitioner to issuance of a writ of habeas corpus or to relief under such a writ. On the contrary, he shows that he is lawfully imprisoned. He alleges ill health, a desire for medical treatment, inability to obtain proper treatment in the Penitentiary, failure or refusal of the prison authorities to deliver mail to him or to mail communications from him, and neglect and overcharge by lawyers. These are not matters which entitle him to relief on habeas corpus. Complaints as to need for medical treatment should be made to the Board of Correction. *State ex rel. Renner v. Wright,* 188 Md. 189, 51 A. 2d 668.

Of course, prison authorities must not in any way prevent freedom of communication with the courts, with executive authorities or with counsel.

*Application denied, without costs.*