HINES *v.* STATE

[No. 22, September Term, 1960.]

*Decided October 14, 1960.*

The cause was argued before BRUNE, C. J., and HENDER-
SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*David Kimmelman,* for appellant.

*James H. Norris, Jr., Special Assistant Attorney General,*
with whom were *C. Ferdinand Sybert, Attorney General,
Saul A. Harris* and *Joseph G. Koutz, State's Attorney* and
*Assistant State's Attorney of Baltimore City,* respectively, on
the brief, for appellee.

PER CURIAM.

The appellant, Hollis Hines, was convicted by a jury of
murder in the first degree for the shooting of his former
sweetheart on a Baltimore street, late at night. He was rep-
resented by a lawyer who has had long and wide experience
in the trial of criminal cases. When Hines, alleging and
showing that he was indigent, appealed, another lawyer was

appointed to represent him. His counsel on appeal went over the transcript with Hines to determine what points should be made and what testimony printed, and after obtaining his agreement on these points, prepared a thorough brief in which it is ably contended that the evidence was insufficient to justify submitting the issue of murder in the first degree to the jury.

At the argument, appellant's counsel informed us that his client had written him that he was dissatisfied with the brief and wished him to withdraw from the case because he had not presented the point of the perjury of the State's witnesses. We asked counsel to argue and heard him and the State. The appellant was then sent a copy of the transcript and advised by the Court as to what had occurred and told that decision would be deferred, pending the submission by him of any additional data and argument he wished to present. Appellant, in due course, submitted a long memorandum, much of which is a reproduction of testimony in the transcript. He reiterates the argument that the evidence was insufficient on the question of first degree murder and argues at length that key witnesses, whose testimony was hurtful to him, were not telling the truth and that this was known to the State.

Appellant seeks to support his allegations of perjury in three ways. Either he points out differences in accounts of witnesses on inconsequential or insignificant details, or he flatly says that what a witness has testified to is untrue or did not occur, or he argues that what a witness said was so incredible it must have been false. We have carefully considered appellant's memorandum and find nothing in it to indicate that perjury was committed, much less that the State knew that any testimony was false, if any was.

There remains only the question of the sufficiency of the evidence of first degree murder. The State showed the following: Hines had been in love with Rosa Sutton for several years. She left him for another man, which he resented very much. He tried to see her many times but she told him she had nothing to say to him. In a tavern in Baltimore, where she worked, she talked to him only two minutes out of his three-hours' stay, although he had come over from Washington to see her. She proclaimed publicly that she was afraid of him. He had said to her sister that if he could not have

her, life was not worth living and "before he saw anyone else with her, he would kill her and himself, too." On the evening of the shooting, he sat in Washington after supper thinking about Rosa and decided to come to Baltimore. He went up to his room, got his pistol, and bought a one-way train ticket to Baltimore. He arrived about eleven-thirty, went to Rosa's apartment, found nobody home, walked towards the cafe where she worked and saw Rosa walking down the street with a fellow employee of the cafe. The employee testified that Hines said to Rosa: " 'Why did you leave me for?' " and she replied: " 'You beat me and accused me of something I didn't do.' " The employee walked away, leaving the pair together on the street, and the shooting took place shortly afterwards.

We think it is clear that the evidence was sufficient to go to the jury and that the question of malice, wilfulness, deliberation and premeditation was for the jury to determine. *Chisley v. State,* 202 Md. 87; *Grammer v. State,* 203 Md. 200, 225; *Briley v. State,* 212 Md. 445, 447; *Brown v. State,* 220 Md. 29, 38. The jury was not required to believe Hines' statement that he took the gun with him on the evening of the shooting for his own protection or his claim that the shooting was accidental, having occurred when he heard footsteps coming up behind him as he stood on the street with Rosa, and pulled his pistol out of his right hand jacket pocket, causing it to go off. *Brown v. State, supra.*

*Judgment affirmed.*