LEE *v.* STATE

[No. 128, September Term, 1960.]

2. *State Roads Com'n v. Reynolds,* 164 Md. 539, 165 A. 475.
3. *Schemmel v. Gatch,* 164 Md. 671, 166 A. 39.

*Decided February 8, 1961.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ.

*Arthur L. Rhoads, Jr.,* for appellant.

*Mary Arabian, Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General, Saul A. Harris* and *Norman Polski, State's Attorney* and *Assistant State's Attorney,* respectively, on the brief, for appellee.

PER CURIAM.

The appellant was convicted of murder in the first degree in the Criminal Court of Baltimore by the court, sitting without a jury.

The only question raised is the sufficiency of the evidence. The appellant admits he fatally stabbed the deceased, but claims the circumstances of the killing failed to show that it was wilful, deliberate and premeditated. There is no merit in the contention.

The evidence, and proper inferences from the evidence, justified a finding of the following facts: The deceased, a married woman, had been living with the appellant for some months. According to the defendant, it was an "off and on thing," as they had their "break up times," during which they would not live together. Shortly before the killing, the deceased returned to her husband's residence. After unsuccessfully attempting for two or three days to reach the deceased by telephone, the appellant told the party who had answered the phone that if Christine (the deceased) did not talk to him over the phone, he was coming to the house. He, thereupon, strapped a large knife to his wrist (giving as his reason for this act that the woman's husband had threatened him), went

to her place of abode, and, when another woman resident in the home, who had been shopping, opened the door to enter it, he pushed his way into the house. He informed the deceased that he wanted to talk to her alone. She expressed fear of being in his presence by herself; whereupon he emptied his pockets to assure her that he had no weapons (nothing being said about the murder weapon strapped to his wrist). She then agreed to talk with him. A conversation of some fifteen minutes' duration ensued. The appellant became angry and produced the knife; the deceased fled; the appellant pursued, overtook and stabbed her eleven times with the knife. The knife blade became bent during the stabbings, and, but for this fact, there may have been more. The victim ran into the street, where she collapsed. She died shortly thereafter as a result of the stab wounds. The defendant caught a cab, went to his office, called the police, and made an abortive attempt to commit suicide by cutting his wrist.

The appellant testified that he had "what could be called a real extensive criminal record," which included, among others, convictions of burglary and rape.

The facts of the case, briefly summarized above, are so patently sufficient to support a finding by the trial court of murder in the first degree that we deem it unnecessary further to analyze, or elaborate upon them, or to discuss the law as it relates to first degree murder; as we have so recently and repeatedly had occasion to pass upon the sufficiency of the evidence to support a first degree verdict. See *Cummings v. State,* 223 Md. 606, 165 A. 2d 886; *Faulcon v. State,* 211 Md. 249, 126 A. 2d 858; *Grammer v. State,* 203 Md. 200, 100 A. 2d 257; *Elliott v. State,* 215 Md. 152, 137 A. 2d 130; *Breeding v. State,* 220 Md. 193, 151 A. 2d 743; *Chisley v. State,* 202 Md. 87, 95 A. 2d 577; *Hines v. State,* 223 Md. 251, 164 A. 2d 268.

*Judgment affirmed.*