# BRYANT *v.* STATE

[No. 342, September Term, 1962.]

*Decided June 14, 1963.*

The cause was argued before BRUNE, C. J., and HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ.

*James L. Bundy* for appellant.

*John L. Schuchman, Special Attorney,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell, State's Attorney* and *Russell J. White, Assistant State's Attorney,* on the brief, for appellee.

PER CURIAM.

The defendant, claiming that the trial court committed reversible error in denying his motion for a postponement of the trial, has appealed his conviction of armed robbery.

After he had been arraigned and entered a plea of not

guilty, the defendant moved for a postponement on the ground that he had not been able to get in touch with a certain witness who had moved from the place where he had been living in Baltimore City and was said to be in Alabama. Although the defendant had made some effort to contact the witness before trial, no effort was made to subpoena him or to inform the State of his inability to find the absent witness. Other than a statement that the witness was an important one, the court was not informed of his name or what facts the defendant believed the witness would prove if present. Nor was it shown that there was a reasonable expectation that the witness could be procured within a reasonable time; that his evidence was competent and material; and that the case could not be fairly tried without it. Instead, the defendant, having been granted a brief postponement to make a final effort to locate the witness, informed the court of his inability to do so and stated that he would "go ahead with the trial." Under the circumstances, there was no abuse of discretion or prejudice to the defendant. See *Jackson v. State,* 214 Md. 454; *Taylor v. State,* 226 Md. 561.

The questions presented by the defendant in proper person in a "supplement" to the brief of his counsel appear to lack merit. In any event, not having been properly raised below, the supplemental questions cannot be considered on appeal.

*Judgment affirmed.*