## JOHN C. ROBINSON *v.* DIRECTOR, PATUXENT INSTITUTION

[No. 39, Sepember Term, 1967.]

*Decided February 20, 1968.*

Before Murphy, C. J., and Anderson, Morton, Orth, and Thompson, JJ.

Per Curiam.

This is an application for leave to appeal from an order of April 11, 1967, of Judge William J. O'Donnell, presiding in the Criminal Court of Baltimore, denying relief sought under the Uniform Post Conviction Procedure Act after an evidentiary hearing.

Applicant was sentenced on June 20, 1961, to a term of not more than eight years on each of four convictions of common law robbery, the sentences to run concurrently. On that date, he was ordered to be committed to Patuxent Institution for examination as a possible defective delinquent as defined by Md. Code (1957), Art. 31B, § 5. Applicant was found to be a defective delinquent at a hearing in the Criminal Court of Baltimore on September 14, 1962, and was committed to Patuxent Institution. On May 14, 1966, applicant prayed for the issuance of a writ of habeas corpus in the Baltimore City Court. The writ was denied by order filed on August 14, 1966.

The application is denied for the reasons set forth in the memorandum of Judge O'Donnell accompanying the order with one exception. At the hearing, applicant's counsel alleged that the applicant was "not then taking treatment at Patuxent." Judge O'Donnell correctly found that such an allegation cannot be raised under the U. P. C. P. A. He said, however, that since such an allegation is irrelevant to a re-determination hearing as to defective delinquency, it was analogously "irrelevant on stronger grounds in a post conviction proceeding." We note that in *Daniels v. Director*, 238 Md. 80, *Alt v. Director*, 240

Md. 262 and *Director v. Daniels,* 243 Md. 16, the issue of whether appropriate treatment at Patuxent Institution was being given to the inmate was raised and considered on a redetermination hearing where the constitutionality of the Defective Delinquent Act was attacked. The lower court also stated that habeas corpus was not a proper remedy for a review as to complaints of medical treatment, citing *Warfield v. Raymond,* 195 Md. 711, *State Ex Rel. Baldwin v. Supt. State Reformatory for Males,* 192 Md. 712, and *State Ex Rel. Jacobs v. Warden, Maryland Penitentiary,* 190 Md. 755. We note that the cited cases dealt with inmates of prisons attempting to procure medical treatment, not with defective delinquents confined to Patuxent Institution. In any event, such an allegation may not be raised in a post conviction proceeding as it does not relate to the validity of the original judgment on the criminal offense. *Knox v. Director,* 1 Md. App. 678; *Creswell v. Director,* 2 Md. App. 142.

*Application denied.*