**Collin L. JOHNSON**

v.

**STATE OF MARYLAND.**

Civ. A. No. 15219.

United States District Court
D. Maryland.

April 29, 1968.

Collin L. Johnson pro se.

## MEMORANDUM OPINION AND ORDER

WATKINS, District Judge.

Petitioner, presently incarcerated in the Maryland Penitentiary, seeks for the fifth time in this court the issuance of a writ of habeas corpus. At the time of his third petition to this court, which petition was denied as premature because petitioner then had pending in the state court a motion for a new trial, this court stated:

"Clearly petitioner is still pursuing presently available state remedies. Moreover, should he be unsuccessful in obtaining the new trial that he now seeks, he would have available further state relief by seeking appellate review of his case through direct appeal to the court of Appeals of Maryland. Should on direct appeal he still be unsuccessful, petitioner could, in appropriate circumstances, still pursue his state remedies by way of a collateral attack on his detention in a post conviction proceedings. The petitioner is hereby advised that should he fail to prosecute diligently his pending motion for a new trial; and if unsuccessful therein, then should he fail to prosecute diligently a direct appeal to the Maryland Court of Appeals; and if unsuccessful on direct appeal, should he fail in a collateral post conviction proceeding to raise such issues as might then still be available to him as grounds of relief in a Maryland state court before seeking in this court federal habeas corpus relief, he will be considered in the light of the views expressed herein to have deliberately and intentionally attempted to subvert and evade the orderly adjudication of alleged federal defenses in the state courts, to have waived whatever federal constitutional issues he could have raised, and to have barred himself from federal habeas corpus relief. (Fay v. Noia, 1963, 372 U.S. 391, 433, 438, 83 S.Ct. 822, 9 L.Ed.2d 837).

Following this court's specific instructions, petitioner after denial of his motion for a new trial appealed his convictions to the Court of Appeals of Maryland, which court affirmed the convictions obtained in the lower court. (Johnson v. State, 1965, 237 Md. 283, 206 A.2d 138). Petitioner then sought relief under the Maryland Post Conviction Procedure Act. (Article 27, section 645A et seq. of the Annotated Code of Public General Laws of Maryland). Judge Joseph R. Byrnes of the Supreme Bench of Baltimore City denied post conviction relief. Petitioner then applied for leave to appeal to the Court of Appeals of Maryland, which court denied the application in Johnson v. Warden, Maryland Penitentiary, 1966, 244 Md. 695, 223 A.2d 798.

Having exhausted his state remedies, petitioner turned to this court seeking federal habeas corpus relief. He attacked the validity of his convictions on three grounds; illegal arrest, insufficiency of the evidence and perjured testimony. This court filed a Memorandum Opinion and Order holding that as a matter of law petitioner had not stated grounds for relief. Approximately two months later, petitioner addressed his fifth petition to this court challenging his convictions on four grounds, three of which had not previously been presented to this court and one, the issue of illegal arrest, which just two months before had been ruled upon by this court adversely to petitioner.

 Because of ever increasing flagrant abuses by state prisoners of the writ of habeas corpus, Congress saw fit in 1966 to amend section 2244 of Title 28, U.S.C. The legislative history of this amendment reveals that habeas corpus applications filed in the federal district courts had increased from 134 in 1941 to 4,845 in 1965 and to 3,773 in the first nine months of 1966. More than 95% of these applications were held to be without merit. In Senate Report No. 1797 the purpose of the amendment is set out.

"Although only a small number of these applications have been found meritorious, the applications in their totality have imposed a heavy burden on the Federal courts. In many instances the burden has been an unnecessary one, since the State prisoners have been filing applications either containing *allegations identical to those asserted in a previous application* that has been denied, *or predicated upon grounds obviously well known to them when they filed the preceding application.* The bill seeks to alleviate the unnecessary burden by introducing a greater degree of finality of judgments in habeas corpus proceedings.

"Section 1 of H.R. 5958 amends section 2244 of title 28, United States Code, by adding two additional subsections designated (b) and (c). The new subsection (b) provides that when a person in custody pursuant to a judgment of a State court has been denied, after a hearing by a court of the United States or a justice or judge of the United States, release from custody or other remedy on an application for a writ of habeas corpus, a subsequent application for a similar writ on behalf of the same applicant need not be entertained by a court of the United States or a justice or judge thereof unless it is predicated on a factual or other ground not adjudicated at the earlier hearing *and unless the court is satisfied that the applicant did not deliberately withhold such information, or otherwise abuse the writ."* (3 U.S.Cong. & Admin.News '66 page 3664; emphasis supplied).

Petitioner is certainly the type of offender which the amendment seeks to reach. He, as outlined above, persists in reasserting in this his fifth petition to this court an alleged ground for relief, i. e. illegal arrest, which this court has considered on the merits as an issue of law and found to be frivolous. This course of conduct constitutes a blatant abuse of the writ. In addition to such abuse by repetitive litigation of his alleged ground of complaint, petitioner by raising in this court for the first time three new issues is engaging in unnecessary fragmentation of his alleged claim to relief, a course of conduct which is equally abusive of the writ, burdensome to the court and causative of an unwarranted, wasteful expenditure of judicial effort. That these newly asserted grounds for relief were known to petitioner at the time of his original trial in 1963 and were deliberately withheld or abandoned in his fourth petition to this court in 1967 is conclusively evidenced by the fact that petitioner raised these precise issues in his direct appeal to the Court of Appeals of Maryland in 1965, (Johnson v. State, 1965, 237 Md. 283, 206 A.2d 138) and again in his post conviction petition filed in the state

courts in 1966 (Johnson v. Warden, Maryland Penitentiary, 1966, 244 Md. 695, 223 A.2d 798), but chose not to present them to this court for consideration in 1967. Both under the equitable principles which have traditionally governed habeas corpus proceedings (Sanders v. United States, 1963, 373 U.S. 1, 17–18, 83 S.Ct. 1068, 10 L.Ed.2d 148) and under the present statutory provisions (28 U.S.C. section 2244(b)) petitioner by his conduct has barred himself from federal habeas corpus relief. Moreover, petitioner had been specifically warned by this court in 1964 in that section of its third Memorandum Opinion and Order quoted earlier in this fifth opinion of the consequences of the failure to raise at every stage in the proceedings all issues then presently available to him.

Accordingly, the petition for the issuance of a writ of habeas corpus is hereby denied.

Leave to file in forma pauperis is hereby granted.