547 A.2d. 665

**Jack WATERS, Jr.**

v.

**STATE of Maryland.**

**Application for Leave to Appeal (Post Conviction) No. 19, Sept. Term, 1988.**

Court of Special Appeals of Maryland.

Sept. 29, 1988.

Scott Whitney, Asst. Public Defender, Baltimore, for applicant.

J. Joseph Curran, Jr., Atty. Gen. with whom was B. Randall Coates, State's Atty. for Worcester County, for respondent.

Submitted before MOYLAN, WILNER, and ROBERT M. BELL, JJ.

ROBERT M. BELL, Judge.

The primary issue presented by this application for leave to appeal is whether Jack Waters, Jr., applicant, is entitled to an evidentiary hearing on this, his third petition for Post Conviction Relief. The secondary issue is whether a petitioner may litigate in a post conviction proceeding the question of appellate counsel's competence. We resolve both issues in favor of applicant and, therefore, will grant his application.

### 1. Evidentiary Hearing

The conviction which is the subject of this proceeding was entered on April 14, 1976. Applicant filed his first post conviction petition, seeking a belated appeal, later that same year. That request was granted by the Circuit Court for Worcester County and, pursuant to that ruling, applicant filed an appeal with this Court. That appeal was dismissed,

however. *See Waters v. State,* No. 1339, September Term, 1976, filed March 22, 1977 (Unreported). Applicant's second post conviction petition, filed in 1983, was ordered withdrawn without prejudice at applicant's request. The petition giving rise to the present application for leave to appeal was filed July 8, 1987. In it, applicant alleged numerous errors entitling him to post conviction relief. He specifically requested that an evidentiary hearing be held on the petition.

The hearing judge, in his Opinion and Order of Court, determined that, "[s]ince this is defendant's third request for post conviction relief, a hearing is not mandatory." (Footnote omitted). He then concluded, in the exercise of discretion, that "a hearing is not necessary for the disposition of this petition." The hearing judge, thus, proceeded to consider, and reject, all of applicant's allegations of error without a hearing.

Applicant asserts that he should have been granted an evidentiary hearing because, although the petition was technically his third post conviction petition, his first two petitions were resolved in ways which prevented him from litigating the present allegations. Therefore, he says, for purposes of resolving the allegations which he could not have litigated in the earlier petitions, this third petition is tantamount to, and should have been considered as, a first or amended petition. We agree.

Maryland Code Ann. art. 27, § 645A(f)[1] provides:

---

1. Maryland Rule 4–406(a), pertaining to hearings on post conviction petitions, is of like effect. It provides:

    (a) *When Required.*—A hearing shall be held promptly under the Uniform Post Conviction Procedure Act unless the parties stipulate that the facts stated in the petition are true and that the facts and applicable law justify the granting of relief. A hearing is not required on a subsequent petition. The court shall determine on each subsequent petition whether a hearing will be held, but it may not grant the petition without a hearing unless the parties stipulate that the facts stated in the petition are true and that the facts and applicable law justify the granting of relief.

*Right to Counsel and Hearing.*—A petitioner is entitled to assistance of counsel and a hearing on the first petition filed by the petitioner under this section. The court shall determine if assistance of counsel or a hearing should be granted on a subsequent petition filed by a petitioner.

That a petitioner is entitled to an evidentiary hearing and the assistance of counsel on his first petition is made clear by the first sentence of that section. *See also Wilson v. State,* 284 Md. 664, 675, 399 A.2d 256 (1979), *cert. denied,* 446 U.S. 921, 100 S.Ct. 1858, 64 L.Ed.2d 275 (1980) ("A hearing upon a first petition filed under the Act is mandatory . . . .") and Maryland Rule 4–406(a). The second sentence points out that the decision to grant a hearing on subsequent petitions is a matter addressed to the sound exercise of the hearing judge's discretion. *See Crum v. State,* 58 Md.App. 303, 306, 473 A.2d 67, *cert. denied,* 300 Md. 483, 479 A.2d 372 (1984).

In addressing whether the circumstances of this case are such as to render applicant's third petition for post conviction relief tantamount to a first petition, we note that the 1983 petition was dismissed, at applicant's request, without prejudice and, therefore, was never ruled upon. Consequently, it plays no role in our analysis. It is the 1976 petition on which we must focus. In this regard we find three cases, involving Hollis Hines, decided by the Court of Appeals to be instructive.

In the first case, *Hines v. Warden,* 221 Md. 616, 157 A.2d 280 (1960), Hines instituted proceedings under the Post Conviction Procedure Act and when relief was denied, sought leave to appeal. The Court of Appeals, noting that the hearing court had not considered Hines' allegation that he was entitled to a belated appeal, an allegation made for the first time at the hearing, granted Hines leave to appeal and remanded the case "for consideration". The Court also granted Hines leave to "amend his petition so as to present said question [belated appeal], without prejudice to further consideration by this Court of other questions presented by

his application for leave to appeal, if said application should be renewed." 221 Md. at 617, 157 A.2d 280.

The second case, *Hines v. State*, 223 Md. 251, 164 A.2d 268 (1960), involved the court's consideration of Hines' belated appeal. Having addressed the issues presented by Hines on the merits, the Court affirmed the judgment of the lower court.

In the third case, *Hines v. Warden*, 236 Md. 406, 204 A.2d 176 (1964), Hines sought leave to appeal from the denial of his post conviction petition filed after his belated appeal had been decided. Although the Court of Appeals denied Hines' application, it commented upon the nature of that subsequent post conviction petition:

> Because of our unusual disposition of the petition filed under the Uniform Post Conviction Procedure Act in 1959, we think the present petition has the status of an "original or amended petition" rather than that of a "subsequent petition", which would be dismissed without hearing or appointment of counsel under Maryland Rule BK 48, unless it alleged matters that could not reasonably have been raised in the first instance.

236 Md. at 408, 204 A.2d 176.

We glean from these cases the rule that if a post conviction case is resolved in such a way as to make it unnecessary for the hearing judge to reach a particular allegation and the hearing judge in fact does not reach it, the unresolved allegation continues to retain its first petition status with the result that, upon a subsequent petition for post conviction relief raising that allegation, a petitioner would be entitled to a hearing. Applying this rule to the instant case, it is clear that applicant's third petition was in the nature of a first petition. When the Circuit Court granted applicant's petition for post conviction relief, awarding him a belated appeal, it was unnecessary for it to address any other allegations that might have been raised by the petition. This is so because, if the appeal had been successful, such other allegations would have become moot.

We hold that the petition at issue here retained its first petition status and, therefore, a hearing was required to be conducted as to the allegations raised therein.

We shall remand the case for further proceedings. On remand, the Circuit Court shall conduct a hearing on all allegations in the petition which were not addressed in the 1976 proceedings.[2]

### 2. Competency of Appellate Counsel

■ The hearing judge ruled that applicant's claim that his appellate counsel was ineffective was not a proper grounds for post conviction relief. He relied upon *Curtis v. State,* 37 Md.App. 459, 381 A.2d 1166 (1977), *rev'd,* 284 Md. 132, 395 A.2d 464 (1978) as support for that ruling. To the extent that *Curtis* does support that proposition, the Court of Appeals, in *Wilson v. State, supra,* 284 Md. at 671–79, 157 A.2d 280, has made clear that it simply is not the law; indeed, the Court held that a hearing court may grant a belated appeal, the relief requested in the post conviction proceeding, as to issues not raised on direct appeal where the court has found that the failure to raise such issues was due to appellate counsel's incompetence. 284 Md. at 676, 678–79, 157 A.2d 280. Moreover, the United States Supreme Court has recognized that defendants may litigate the issue of competency of appellate counsel by way of post conviction proceedings. *See Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). It follows, therefore, that the Circuit Court erred in refusing to consider the merits of applicant's complaint concerning his appellate counsel. That issue should have been addressed on the merits.

APPLICATION FOR LEAVE TO APPEAL GRANTED.

CASE REMANDED FOR FURTHER PROCEEDINGS IN ACCORDANCE THIS OPINION.

---

**2.** Since the issue of competency of appellate counsel could not have been raised in the 1976 petition, applicant is entitled to a hearing on that issue.