579 A.2d 786

Vance DIXON

v.

STATE of Maryland.

Post Conviction No. 17, Sept. Term, 1990.

Court of Special Appeals of Maryland.

Sept. 26, 1990.

Certiorari Denied Jan. 4, 1991.

Vance Dixon, pro se.
No response by the appellee.

Submitted before MOYLAN, WILNER and ROBERT M. BELL, JJ.

ROBERT M. BELL, Judge.

The Maryland Post Conviction Procedure Act, Maryland Code Ann., Art. 27, § 645A(a)(2), in pertinent part, provides:

A person may not file more than 2 petitions, arising out of each trial, for relief under this subtitle.

This language is clear and unambiguous. It is unequivocal in its proscription; there is not even a hint that there may be any exception to the proscription. The question presented by this application for leave to appeal is whether Vance Dixon, the applicant, has run afoul of this two petition limit.

Applicant was convicted, on June 5, 1986, by a Baltimore City jury of attempted murder in the second degree, unlawfully carrying a handgun, and use of a handgun in the commission of a crime of violence and subsequently sentenced therefor. He did not appeal those judgments.

Applicant's first petition seeking post conviction relief was filed on November 14, 1986. In it, he alleged that a direct appeal was not filed because of miscommunication and confusion between the Public Defender's office and his counsel of choice over who would be representing the applicant. He requested permission to file a belated direct appeal. Although that request was granted by an order dated April 30, 1987, no appeal was filed within the time frame prescribed by the court.[1] Therefore, the applicant filed a second post conviction petition on July 14, 1987. In that petition, focusing upon counsel's failure to file the belated direct appeal in a timely manner, applicant alleged ineffective assistance of counsel. Once again, the only relief sought was the right to file a belated direct appeal. He did note in that petition, however, that he did "not intend, by the filing of this petition, to waive any rights he may have for post conviction relief from his conviction and

---

1. The time for filing the belated direct appeal was, in effect, extended on May 21, 1987, when the court amended its April 30, 1987 order.

sentence." Notwithstanding, neither that petition, nor his first one, contained any allegation of error concerning the conduct of the trial or that would otherwise entitle him to relief other than the right to file a belated direct appeal. The court once again granted applicant the right to file a belated direct appeal.

An appeal eventually having been noted to this Court, we issued our opinion in the case on May 20, 1988. *See Dixon v. State*, No. 1351, September Term, 1987, (unreported). Although we affirmed the convictions, we vacated applicant's sentences and remanded the case for resentencing.

On March 22, 1989, the applicant filed this, his third petition seeking post conviction relief, raising, for the first time, a number of complaints concerning the conduct of his trial.[2] Believing the petition to be one not allowed by Art. 27, § 645A(a)(2), the circuit court summarily denied it without considering the merits of any of the complaints.

Although the applicant acknowledges that he is limited by statute to filing only two post conviction petitions, he nevertheless asserts that the summary dismissal of his third petition is unfair. This is so, he argues, because he was required to use his two petitions "for the purpose of reinstating his appeal right." Thus, he contends that the statute, as it is being applied to him, unfairly denies him the right to litigate issues relating to the conduct of his trial. His attack on the two petition limit, rather than being direct, is collateral. The rationale underlying the appli-

---

**2.** An applicant for post conviction relief necessarily believes or, at least, implies that error was committed at his or her trial. Although an applicant seeking only the right to file a belated direct appeal need not specify in his or her petition the error upon which he or she relies, the hearing court may decline to grant the requested relief unless, at some point in the proceeding, the applicant alleges some colorable basis for a direct appeal. This is not an issue before us.

A petition seeking the right to file a belated appeal may be, and often is, supported by allegations of post-trial error. On the other hand, a petition seeking other forms of post conviction relief may, and frequently does, contain allegations of error respecting the conduct of trial. It is the latter to which we make reference here.

cant's position is reminiscent of that utilized by this Court in *Waters v. State,* 76 Md.App. 548, 547 A.2d 665 (1988). In addition, the applicant suggests that his right to file a third petition has been preserved because he specifically stated in the second petition that he did not, by its filing, intend to waive any post conviction rights he might have.

In *Waters v. State,* we addressed the issue whether an applicant for leave to appeal was entitled to an evidentiary hearing on his third petition for post conviction relief. To resolve the issue, we focused upon a trilogy of cases involving Hollis Hines: *Hines v. Warden,* 221 Md. 616, 157 A.2d 280 (1960); *Hines v. State,* 223 Md. 251, 164 A.2d 268 (1960) and *Hines v. Warden,* 236 Md. 406, 204 A.2d 176 (1964). Having summarized them, we stated:

> We glean from these cases the rule that if a post conviction case is resolved in such a way as to make it unnecessary for the hearing judge to reach a particular allegation and the hearing judge in fact does not reach it, the unresolved allegation continues to retain its first petition status with the result that, upon a subsequent petition for post conviction relief raising that allegation, a petitioner would be entitled to a hearing. Applying this rule to the instant case, it is clear that applicant's third petition was in the nature of a first petition. When the Circuit Court granted applicant's petition for post conviction relief, awarding him a belated appeal, it was unnecessary for it to address any other allegations that might have been raised by the petition. This is so because, if the appeal had been successful, such other allegations would have become moot.

76 Md.App. at 552, 547 A.2d 665. We remanded the case with instructions that the circuit court conduct a hearing on "all allegations in the petition which were not addressed in the 1976 proceedings." [3] (Footnote omitted).

---

**3.** Waters's second petition for post conviction relief had been ordered dismissed without prejudice, at Waters's request. Thus, we focused

 Although it is unclear from the opinion whether Waters's first petition contained allegations other than those supportive of the grant of a belated direct appeal, we think it clear that, taken in context, the rule we enunciated in that case contemplated just such a situation. We now hold that a petition seeking a belated direct appeal, containing only allegations relevant to, and supportive of, that relief, does not preserve a petitioner's right to file a subsequent petition containing allegations of error respecting the conduct of the trial, or otherwise cognizable in post conviction proceedings, that could previously have been raised. We also hold that, in the absence of specific allegations of error, inserting a disclaimer in a petition is likewise insufficient. It is therefore clear that *Waters* does not assist the applicant.

 The applicant did not include in his first or second petition for post conviction relief any allegations of error, either respecting the conduct of trial, or otherwise cognizable by post conviction. Both in terms of the allegations made and the relief sought, the only issue addressed was his right to file a belated direct appeal. And the court granted the requested relief, based on the allegations made. Therefore, the allegations in applicant's third petition for post conviction relief are cognizable only if their viability was preserved by virtue of the manner in which the court resolved the first two petitions. The grant of the belated direct appeal potentially made moot any trial error; should the appeal result in reversal and a new trial, the court need never address any errors whether raised or not raised, which may have been made in the trial. On the other hand, should the direct appeal be unsuccessful, as it was in this case, the issue of trial error is not moot. Under *Waters*, as we have now clarified its holding, trial error alleged, but not decided, before the grant of the belated appeal would have to be addressed; those allegations not so alleged would not.

---

only upon the first petition for purposes of determining the nature of the third petition.

Because the allegations of error concerning the conduct of the trial were not included in either the first or second petition, the court properly dismissed, as not permitted by law, applicant's third petition for post conviction relief.

APPLICATION FOR LEAVE TO APPEAL DENIED.