## WILLIAM ALFRED THOMPSON *v.* STATE OF MARYLAND

[No. 146, September Term, 1968.]

*Decided February 10, 1969.*

*Thomas V. Miller, Jr.,* for appellant.

*James L. Bundy, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *John J. Garrity, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

MURPHY, C.J., delivered the opinion of the Court.

Appellant was found guilty by a jury in the Circuit Court for Prince George's County of (1) armed robbery of James Little on July 26, 1967, and (2) armed robbery of Charles Staley on August 11, 1967. He was sentenced in each case to an indeterminate period not to exceed ten years under the jurisdiction of the Department of Correction, the sentences to run concurrently. The principal contention on this appeal is that the in-court identification of the appellant by the victims of the

crimes was improperly admitted under either *United States v. Wade,* 388 U. S. 218, *Stovall v. Denno,* 388 U. S. 293, or *Simmons v. United States,* 390 U. S. 377.

I

The pertinent facts relating to the armed robbery of Little are these: On July 26, 1967 at approximately 1:30 a.m. James Little, an employee of the Seven-Eleven Store near Laurel, was robbed at gun point in his employer's establishment by two Negro males. At the trial, Little was asked whether he saw either of the two robbers in court. Objection was made to such identification by the appellant, presumably on the ground that a pretrial photographic identification was made by the witness which was so impermissibly suggestive as to taint any in-court identification. Out of the presence of the jury, evidence was introduced which showed that several days after the crime, Little viewed a number of police photographs but did not identify appellant as one of the robbers since his picture was not among the photographs shown to him; that subsequently he was shown approximately fifty more photographs by the police from which he picked out appellant as one of the men who held him up; and that within this group of fifty photographs there were three different pictures of appellant, and that Little, in identifying appellant, selected each one of them. The evidence further indicated that the police in no way prompted Little's identification, although on the way to testify at the trial, Little was told that appellant was involved in three robberies. Little testified that this information did not fortify his conclusion that he had picked the right man from the photographs.

After the trial judge overruled appellant's objection to the prospective in-court identification, the jury was returned, and Little identified appellant at the trial. The State also introduced into evidence the fact of Little's pretrial photographic identification of appellant, together with the circumstances under which it was made, and also adduced evidence showing that Little was but two feet from the appellant during the robbery, and observed him over a period of from five to ten minutes. It was also shown by the evidence that Little described appellant to the police shortly after the crime and that his description corresponded generally with appellant's features.

We find no merit in appellant's contention that the lower court erred in admitting the in-court identification on the ground that it was the product of an unconstitutionally tainted pretrial photographic identification. As we noted in *Gibson v. State,* 5 Md. App. 320, any confrontation between a victim of a crime and the accused for identification purposes, including a photographic identification, may be conducted under conditions so unnecessarily suggestive and conducive to irreparable mistaken identification as to constitute a denial of due process of law.[1] Whether the accused's right of due process of law was violated in the conduct of such a confrontation depends on the totality of the circumstances surrounding it, *Stovall v. Denno, supra,* but a photographic identification will be set aside only if the procedure used was "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification," *Simmons v. United States, supra.*

It is not clear from the evidence whether appellant's photograph was the only one to recur in the group of fifty photographs shown to the witness. While we can readily envisage a case in which the multiple inclusion of a suspect's photograph among a group of photographs shown to an identifying witness may be so emphasized or highlighted as to constitute a denial of due process within the rationale of *Stovall* or *Simmons,* we think each case must necessarily be judged on its own facts. As indicated, the record before us does not disclose whether other persons' photographs, like that of appellant, recurred among the fifty photographs shown to the victim. Nor is there any evidence to indicate, one way or the other, why the police included three different photographic views of the appellant within the group shown to the victim. It may have been that the police, in including three different photographs of appellant, intended to put the identifying witness to a severe test of his perceptive powers so that, for example, should he identify but one photograph of the appellant but not the other views,

---

1. There is, of course, no constitutional requirement that counsel be present when pictures are viewed by witnesses, as the *Wade* strictures are not applicable to photographic identifications. See *Barnes v. State,* 5 Md. App. 144, *Baldwin v. State,* 5 Md. App. 22.

such an identification would be considered by the police in the course of their investigation of the crime as less than clear and convincing. In any event, considering the large number of photographs shown to the victim, together with the fact that he had ample opportunity to observe the appellant's features during the robbery, and gave a description to the police corresponding generally to that of the appellant, we hold that the photographic identification in question was not prejudicially inspired, nor did it in any way unconstitutionally taint the in-court identification. See *Gibson v. State, supra; Tyler v. State,* 5 Md. App. 265; *Vios v. State,* 5 Md. App. 200; *Tyler v. State,* 5 Md. App. 158; *Barnes v. State, supra; Baldwin v. State, supra; Brown v. State,* 4 Md. App. 612.

## II

The pertinent facts relating to the armed robbery of Staley are as follows: The victim, an employee of a liquor store, testified that on August 11, 1967 at about 11:00 p.m. a Negro male robbed him at gun point in his employer's store. At the trial, he was asked whether he could identify the individual who robbed him. He identified appellant. After the identification was made, appellant objected thereto, conceding, however, the untimeliness of his objection. The court overruled the objection, and Staley identified appellant as the robber. He testified that he had seen appellant four or five times in the store prior to the crime and that there was no question in his mind that appellant was the man who robbed him. The description of the robber which he gave to the police corresponded generally with that of appellant.

Appellant contends that the in-court identification was a product of a tainted pretrial lineup identification, and that the court erred in not permitting him to adduce evidence outside of the presence of the jury to show that he was placed in a post-arrest lineup without being afforded his constitutional right to counsel, as required by *Wade*.

It is, of course, clear that objection to an in-court identification may be waived by failing to object thereto at the time the evidence is offered. *Boswell v. State,* 5 Md. App. 571; *Rodgers v. State,* 4 Md. App. 407; *Bork v. State,* 4 Md. App. 404;

Maryland Rules 522 d 2 and 725 f. While it would appear that no reversible error was committed by the trial court in overruling appellant's untimely objection to the in-court identification, we rest our conclusion that appellant's contention is lacking in substance on the basis that there was in fact no pretrial lineup identification made of the appellant by the witness Staley. Although the record discloses that appellant was picked out of a lineup by someone, he acknowledges in his brief that Staley made no identification of him at the lineup. Under these circumstances, there can be no question of a pretrial lineup identification tainting the in-court identification, so that a violation of the accused's right to counsel under *Wade,* if any, is entirely academic under the facts of this case. The appellant was certainly free on cross examination of Staley to bring out the witness's failure to identify him at the pretrial lineup. In any event, it being clear that the in-court identification was not based on any pretrial lineup identification, we see no reversible error. Moreover, it is plain from the record that Staley's in-court identification was positive and emphatic, being based on a face-to-face confrontation with the robber, as well as prior observation of him some four or five times in the store.

## III and IV

Appellant also contends that the trial judge erred in failing to give the jury a complete advisory instruction with respect to the elements comprising the crime of armed robbery. As there was no objection to the court's charge, and as appellant did not request that any advisory instructions be given to the jury other than or different from those actually given by the court, and as we see no plain error in the instructions within the meaning of Maryland Rule 756 g, we hold that appellant's contention is wholly lacking in merit. *Giles v. State,* 229 Md. 370; Maryland Rule 756 g.

Finally, appellant urges that trial counsel's representation of him was so inadequate as to deprive him of due process of law and his right to counsel under the Sixth Amendment. As we observed in *Boswell v. State, supra,* the matter of competency of trial counsel was not tried and decided below and is not properly before us for review. We have consistently declined to con-

sider the question of competency of counsel when raised for the first time on direct appeal for the reason, among others, that counsel has no opportunity to defend himself. The appellant is not precluded from a determination of the matter under post conviction procedures available to him where the determination may be made following an evidentiary hearing.

*Judgments affirmed.*