## LEE GRANT GIBBS *v.* STATE OF MARYLAND

[No. 350, September Term, 1968.]

*Decided May 13, 1969.*

---

8. By order of the lower court the appeal of Roberts was prosecuted by him as an indigent defendant.

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Thomas J. Aversa, Jr.,* for appellant.

*James L. Bundy, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *A. Ronald Santo, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

MURPHY, C. J., delivered the opinion of the Court.

Appellant was convicted by the court sitting without a jury of attempted armed robbery and carrying a con-

cealed weapon. He was sentenced to concurrent terms under the jurisdiction of the Department of Correction of ten and two years on the respective convictions. On this appeal, he contends that the evidence was insufficient to support the convictions.

Winston Reilly, an employee of the Hecht Company Garage, testified that on December 27, 1967, he was at work when, at approximately 12:20 a.m., he observed two men approach; that one of the men stood outside while the other came in and held him up at gun point with a black and brown automatic pistol; that after the robbers fled, he went outside and observed the appellant and another man "coming up the street"; that appellant was showing a gun to the other man and appellant "was the last person I saw" before calling the police; and that when the police arrived he told them that appellant was the man who robbed him. Reilly further testified that after appellant's arrest, he went to the police station and picked out his photograph from a number shown to him by police, and that he later identified him as the gunman in a lineup. At the trial, Reilly identified appellant as the man whose photograph he had selected and as the man whom he had identified at the lineup. Shown a .32 caliber automatic pistol, State's Exhibit #2, Reilly stated that it looked like the gun used by the robber.

On cross-examination, Reilly was shown the same photograph of appellant that he had selected at the police station. He stated that while it was a picture of the appellant, it was not a picture of the man who robbed him; that the man who robbed him was not in the courtroom; and that appellant was not the robber. The court inquired of Reilly why he had identified appellant at the preliminary hearing four days after the arrest and he responded "Because I was nervous and he's the last one I saw." Reilly added that he told the police that appellant was the robber "Because I thought he was the man" but that he no longer believed that to be the fact "Because I seen him right good" and "I

know him better now today." Reilly testified that he had not spoken to anyone about the case before or since the preliminary hearing.

The only other witness to testify was the arresting officer, Edmund Salinski. In contrast to Reilly's testimony that the robbery occurred at 12:20 a.m., Salinski stated that his report indicated that it occurred at 1:05 a.m.; that at 1:10 a.m., he heard over his police radio that there had been a holdup at the Hecht Company Garage and that one of the suspects was a colored male, 20 to 21 years old, 5' 11", 150 lbs., wearing a black leather coat with green pants. Salinski testified that the report indicated that the robbers were headed in his direction; that shortly thereafter he observed the appellant, who matched the description given over the police radio, walking with another man; and that he then arrested the two men at gun point. Salinski testified that at the time of arrest he observed "a bulge" in appellant's pocket and when appellant "went for his pocket where the bulge was" he (Salinski) "put my hand in his pocket and I took out an automatic pistol." The pistol was introduced in evidence as State's Exhibit #2. Salinski testified that on the night of the arrest, Reilly picked out appellant's photograph as the robber and also identified him at the lineup.

In finding appellant guilty of attempted armed robbery, the trial judge apparently did so on the basis that there was no evidence as to "the amount of money" taken in the robbery.[1] It further appears that the court's finding of guilt was predicated essentially on Reilly's several extrajudicial identifications of appellant as the robber, presumably coupled with the testimony of Officer Salinski that appellant matched Reilly's description of the robber, and had a gun in his possession similar to that which Reilly said was used in the holdup.

It is true, of course, that the testimony of an ex-

---

1. The record does not show that any money or other thing of value was taken from Reilly during the holdup.

trajudicial identification is generally admissible as an exception to the hearsay rule. *Howard v. State,* 4 Md. App. 74. Ordinarily, the testimony of a victim of a crime that he made a prior extrajudicial identification of the accused is admitted for the purpose of corroborating the witness's testimony at the trial and bolstering his credibility, *Walters v. State,* 242 Md. 235, and under some circumstances it may be admitted as substantive evidence of identification, *Judy v. State,* 218 Md. 168. In *Basoff v. State,* 208 Md. 643, 651, it was pointed out that the identification of an accused made by a witness for the first time in the courtroom may often be of little testimonial force, as the witness may have had an opportunity to have seen the accused prior to the trial, "whereas a prior [extrajudicial] identification, considered in connection with the circumstances surrounding its making, serves to aid the court in determining the trustworthiness of the identification made in the courtroom." In the present case, the net effect of Reilly's testimony was not only that he could not identify the appellant at the trial as the man who robbed him, but that appellant was not in fact the robber and he, Reilly, was mistaken in his extrajudicial identifications of appellant as the gunman. Under these circumstances, any evidential value which the extrajudicial identifications may have had was, we think, completely dissipated, with the result that the only testimony of the victim was that appellant was not the man who robbed him. This is not just a case where the victim's testimony lacks positiveness. Nor is this a case like *Kucharczyk v. State,* 235 Md. 334, where the testimony of the victim was so completely contradictory as to have no probative force. This case goes one step beyond *Kucharczyk.* The prosecuting witness's testimony was not at all contradictory; he simply stated that he had made a mistake in identifying the appellant at the extrajudicial confrontations, and that he was not the robber. The fact that Salinski arrested a man near the scene of the crime who matched the description of the

robber given by Reilly, coupled with the fact that the appellant had a gun resembling that used in the robbery, and that appellant's companion fled from police, does not, in light of Reilly's testimony, mount up to evidence legally sufficient upon which to base a finding of guilt beyond a reasonable doubt. See *Williams v. State,* 5 Md. App. 450.

We do, however, find legally sufficient evidence to support the appellant's conviction for carrying a concealed weapon. The officer's testimony was clear and emphatic that appellant had an automatic pistol concealed about his person when he was arrested. While appellant makes no contention that the arrest was illegal, and that consequently the search of his person was likewise illegal, we think that under the circumstances the officer had probable cause to believe that the misdemeanor of carrying a concealed weapon was being committed in his presence or view (see *Ramsey v. State,* 5 Md. App. 563) or probable cause based on Reilly's report and description, to believe that appellant had committed the felony of robbery.

> *As to the second count of indictment #194 (attempted robbery with a dangerous and deadly weapon): judgment reversed and case remanded for a new trial.*
>
> *As to the first count of indictment #195 (carrying a concealed weapon): judgment affirmed.*