**STATE of Iowa, Appellee,**

**v.**

**James Eugene WALKER, Appellant.**

**No. 54101.**

Supreme Court of Iowa.

Nov. 10, 1970.

John W. Pieters, Waterloo, for appellant.

Richard C. Turner, Atty. Gen., James W. Hughes, Asst. Atty. Gen., and David J. Dutton, County Atty., Waterloo, for appellee.

REES, Justice.

Defendant, James Eugene Walker, charged by county attorney's information with the crime of assault with intent to murder in violation of section 690.6, Code of Iowa, 1966, was tried, convicted and sentenced, and has appealed. We affirm.

There is basically but one question in this case. In advance of trial, defendant moved to suppress an exhibit consisting of 60 separate photographs which had been examined by Mark Covington, the individual whom the defendant is charged with having assaulted, which photographs were displayed to Covington while he was a patient at University Hospitals in Iowa City, and before defendant had been taken into custody. Concededly, four separate photos of defendant were included in the 60 photographs. Covington identified his assailant, the defendant, as the person whose likeness appeared on the four photographs referred to, and the defendant now contends that the recurrence of defendant's photographs four times in the group of pictures examined tainted the identification of the defendant by Covington. He also contends the trial court erred in overruling defendant's motion to suppress the 60 photographs for the reason that the reception of the same into evidence was violative of defendant's right to due process of law, and that the photographic identification of defendant was not conducted in a fair and impartial manner. The only error assigned is with respect to the introduction of the photographs and no complaint is made of a subsequent in-court identification of the defendant by Covington.

I. The exhibits introduced on the trial of the case have been certified to us, including the group of 60 photos which was identified in the record of the trial court as exhibit 23. We have carefully examined the 60 photographs making up the exhibit, and while it is true four photos of the defendant are included in the 60 photos, we find it to be also true that photos of two other persons recurred three times, and photos of four other individuals recurred twice. The remaining 42 photos were single pictures of other persons.

Defendant places considerable reliance on Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247. In Simmons, identification was made in part by five bank employees who had witnessed a robbery and to whom photographs of Simmons were shown. An indeterminate number of pictures were exhibited to the witnesses but it would appear that Simmons' picture appeared at least six times. At page 971 of 88 S.Ct., the court said,

"It must be recognized that improper employment of photographs by police may sometimes cause witnesses to err in identifying criminals. A witness may have obtained only a brief glimpse of a criminal, or may have seen him under poor conditions. Even if the police subsequently follow the most correct photographic identification procedures and show him the pictures of a number of individuals without indicating whom they suspect, there is some danger that the witness may make an incorrect identification. This danger will be increased if the police display to the witness only the picture of a single individual who generally resembles the person he saw, or if they show him the pictures of several persons among which the photograph of a single such individual recurs or is in some way emphasized."

We feel the factual situation in the matter before us cannot be compared to the factual situation in the Simmons case, particularly in light of the fact that multiple pictures of six other persons in addition to the defendant recurred in the group of photographs exhibited to the identifying witness. Indeed, we incline to the view expressed in Thompson v. State, 6 Md.App. 50, 250 A.2d 304, in which case a questioned extrajudicial photographic identification had been made, and the court was moved to say, at page 309 of 250 A.2d,

"It may have been that the police, in including three different photographs of appellant, intended to put the identifying witness to a severe test of his perceptive powers so that, for example, should he identify but one photograph of the appellant but not the other views, such an identification would be considered by the police in the course of their investigation of the crime as less than clear and convincing. In any event, considering the large number of photographs shown to the victim, together with the fact that he had ample opportunity to observe the appellant's features during the robbery, and gave a description to the police corresponding generally to that of the appellant, we hold that the photographic identification in question was not prejudicially inspired, nor did it in any way unconstitutionally taint the in-court identification."

The record discloses that the assault was committed upon the identifying witness, Covington, in a well lighted filling station, and in connection with a robbery. The record discloses that the witness had ample opportunity to observe the defendant prior to and during the assault under almost ideal circumstances and conditions.

II. The defendant does not contend the claimed violation of due process in submitting more than one picture of the defendant to the identifying witness tainted the later in-court identification of the defendant by the witness. This court recently said in State v. Wisniewski, Iowa, 171 N.W.2d 882, 884,

"It should be noted that an illegal out-of-court identification procedure does not necessarily bar identification testimony by that witness at trial. It merely precludes the use of the 'tainted' identification and requires clear and convincing proof that any identification made at trial had an independent origin and does not depend for its validity upon the illegal lineup procedure."

We must evaluate the claim of the defendant here in the light of the totality of the surrounding circumstances. State v. Essary, Iowa, 176 N.W.2d 854, 855, and cases therein cited.

We perceive no error in the ruling of the trial court in refusing to suppress the evidence of the photographs referred to. In any event, in the light of the totality of the surrounding circumstances and the unequivocal in-court identification of the defendant by the identifying witness we find defendant's assigned error is untenable.

This case is therefore affirmed.

Affirmed.

All Justices concur.