400 A.2d 1055 (1979)
In the Matter of L. D. O., Appellant.
No. 13642.
District of Columbia Court of Appeals.
Argued February 6, 1979.
Decided April 10, 1979.
*1056 Timothy D. Junkin, Public Defender Service, with whom Silas J. Wasserstrom, Washington, D.C., was on the brief, for appellant.
Richard W. Barton, Deputy Corp. Counsel, Washington, D.C., with whom Louis P. Robbins, Acting Corp. Counsel, and Dennis McDaniel, Asst. Corp. Counsel, Washington, D.C., were on the brief, for appellee.
Before NEWMAN, Chief Judge, and GALLAGHER and HARRIS, Associate Judges.
NEWMAN, Chief Judge:
Appellant seeks reversal of his conviction for robbery. D.C.Code 1973, § 22-2901. The only evidence offered at trial directly linking appellant with the crime was a police detective's hearsay testimony concerning the victim's pretrial identification of appellant. Appellant argues that the trial court committed reversible error in admitting this testimony in light of the victim's testimony at trial. We reverse and remand with instructions to dismiss.
On December 16, 1977, at about noon, two young men knocked at William C. Russell's front door and asked if they could use his telephone. When he opened the door, the young men came inside, beat him, and robbed him at gun point. They ransacked the house as he lay on the floor. The robbers called Mr. Russell by name repeatedly. Mr. Russell was taken to the hospital where, a week later, he was visited by Detective Miller who showed him some photographs. Mr. Russell selected appellant's picture.
At trial Mr. Russell testified that he had selected the photograph "that kind of favored the fellow that had the gun" but that he "couldn't be positive." He also said that both at the time of the robbery and when Detective Miller showed him the photographs he had been under medication and his vision was blurred. According to Mr. Russell, Detective Miller had asked him if he could be at least forty percent certain of his identification, to which Mr. Russell responded that he could not. At trial, Mr. Russell did not identify the photograph he had selected for Detective Miller nor was he asked to make an in-court identification of appellant. Detective Miller testified that he had shown Mr. Russell an array of photographs *1057 in the hospital. He stated, over appellant's objections, that Mr. Russell had selected appellant's picture and had indicated that he was fairly certain about his choice because he had seen appellant in the neighborhood before. Detective Miller denied asking Mr. Russell if he could be forty percent certain and denied that Mr. Russell made any such statement. The only other identification evidence was the testimony of a young woman that, before the robbery, appellant had told her that he was planning to rob Mr. Russell. On cross-examination she stated that she thought at the time that he was joking.
Evidence of an extra-judicial identification is admissible under an exception to the hearsay rule for the purpose of corroborating an eyewitness' testimony at trial. Clemons v. United States, 133 U.S.App.D.C. 27, 39-40, 408 F.2d 1230, 1242-43 (1968), cert. denied, 394 U.S. 964, 89 S.Ct. 1318, 22 L.Ed.2d 567 (1969); People v. Gould, 54 Cal.2d 621, 626, 7 Cal.Rptr. 273, 275, 354 P.2d 865, 867 (1960) (en banc), quoted in Gilbert v. California, 388 U.S. 263, 273-74 n. 3, 87 S.Ct. 1951, n. 3, 18 L.Ed.2d 1178 (1967).[1] The two criteria for admitting this hearsay evidence justify the exception. First, because the hearsay evidence is offered to corroborate the eyewitness testimony at trial,[2] the declarant of the hearsay is available at trial for cross-examination which obviates the principal danger in admitting hearsay evidence. Clemons v. United States, supra at 40, 408 F.2d at 1243; People v. Gould, supra 54 Cal.2d at 626, 7 Cal.Rptr. at 275, 354 P.2d at 867; McCormick, Evidence § 251, at 603 (2d ed. 1972); Morgan, Hearsay Dangers and the Application of the Hearsay Concept, 62 Harv.L. Rev. 177, 192-93 (1948). Second, the extra-judicial identification may be more reliable as an identification and thus more probative of identity than an in-court identification of the defendant. The extra-judicial identification typically occurs quite soon after the crime when the witness' memory is fresher and less likely to have been led afield by incidental events. Equally, juries are likely to accord more weight to evidence of an extra-judicial identification than they are to an anticipated and largely pro forma in-court identification. Clemons v. United States, supra at 40, 408 F.2d at 1243; People v. Gould, supra 54 Cal.2d at 626, 7 Cal.Rptr. at 275, 354 P.2d at 867; 4 Wigmore, Evidence § 1130 (Chadbourn rev. 1972).
In the case sub judice the eyewitness, Mr. Russell, satisfied the first criterion of admissibility by taking the stand. He testified, however, that he was not in the least bit positive when he selected appellant's photograph from the array that Detective Miller had shown to him in the hospital. This statement dissipated the predicate of an arguably reliable extra-judicial identification necessary to admit hearsay corroboration. Since the predicate identification was rendered unreliable, the second justification for admitting this hearsay evidence vanished. See Commonwealth v. Swenson, 368 Mass. 268, 331 N.E.2d 893 (1975) (hearsay evidence not admissible to corroborate prior photographic identification when the eyewitness stated that he did not give a "positive identification"); Gibbs *1058 v. State, 7 Md.App. 35, 253 A.2d 446 (1969) (the eyewitness' statement that he was "mistaken" in his extra-judicial identification completely dissipated its evidentiary value). This eyewitness' recantation of his putative extra-judicial identification also renders the eyewitness, in essence, unavailable for cross-examination since an attempt to examine the witness about an event he denies or cannot remember is an exercise in futility. 4 J. Weinstein & M. Berger, Weinstein's Evidence § 801(d)(1)(C)[01], at 108-09 & n. 24 (1975). Quite clearly, Detective Miller's testimony was not admissible under the corroboration of identification exception to the hearsay rule.
Nor is the evidence in question admissible as substantive evidence under any other rationale. In essence, Detective Miller's testimony recounted a prior inconsistent statement by Mr. Russell. D.C.Code 1973, § 14-102, is the statutory basis for the use of prior inconsistent statements. Section 14-102 permits a party to impeach its own witness only when genuinely surprised by the answer received. Contra, Fed.R. Evid. 607. Here, there was no surprise; everyone knew what Mr. Russell was going to say. In addition, even assuming that the government was properly surprised, § 14-102 would admit the prior inconsistent statement only to impeach the credibility of the earlier witness and not as substantive evidence of the matter asserted. Only where the witness to be impeached, having been asked about the prior statement as required by the statute, not only acknowledges having made it but affirms its truth at trial, is that statement admissible as substantive proof of the matter asserted as an adoptive statement of admission. Watts v. United States, D.C.App., 362 A.2d 706, 711-12 n. 11 (1976) (en banc) and cases cited therein. See generally 3A Wigmore, supra, § 1018. In the case before us, however, Mr. Russell not only failed to affirm that he had been positive, he affirmatively denied having made a positive identification.[3]
The properly admitted evidence was insufficient to sustain the adjudication of delinquency. Consequently, we reverse and remand with instructions that the petition be dismissed. Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); Griffin v. United States, D.C.App., 896 A.2d 211 (1978).
Reversed and remanded with instructions.
NOTES
[1] This court used the same rationale to approve the admission of prior description testimony given by the eyewitness and two police officers who heard the description when given, all of whom were cross-examined at trial. Morris v. United States, D.C.App., 389 A.2d 1346, 1351 (1978).
[2] A number of cases have held hearsay evidence admissible to corroborate an extra-judicial identification when the eyewitness has verified that he identified the defendant but was not called upon to make an in-court identification. See, e. g., Niblett v. Commonwealth, 217 Va. 76, 225 S.E.2d 391 (1976); People v. Trujillo, Colo., 539 P.2d 1234 (1975); Commonwealth v. Torres, 367 Mass. 737, 327 N.E.2d 871 (1975); State v. Simmons, 63 Wash.2d 17, 385 P.2d 389 (1963); People v. Gould, supra. In the case before us the eyewitness denied that his extra-judicial identification of appellant was in the least bit positive and thereby dissipated the potential evidentiary value of the identification. Consequently we are not called upon to decide whether an in-court identification is a necessary part of the predicate for admitting hearsay evidence to corroborate an identification, and we express no view on the subject.
[3] We note from the history of the Federal Rules of Evidence that the draft of the Rules submitted to Congress by the Supreme Court would have made any prior inconsistent statement admissible as substantive evidence. 56 F.R.D. 183, 293 (1972). Congress, after much deliberation, declined to accept this invitation and redrafted the Rules to make prior inconsistent statements admissible only for the limited purpose of impeaching credibility unless the prior statement had been given under oath and subject to a penalty of perjury. Fed.R.Evid. 801(d)(1)(A).