571 A.2d 844

**Keith Delante JOINER**

v.

**STATE of Maryland.**

**No. 1099, Sept. Term, 1989.**

Court of Special Appeals of Maryland.

March 29, 1990.

Stanley E. Baritz (Mark W. Oakley, on the brief), Rockville, for appellant.

Richard B. Rosenblatt, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Alexander Williams, Jr., State's Atty. for Prince George's County, Upper Marlboro, on the brief), for appellee.

Argued before WILNER, FISCHER and CATHELL, JJ.

CATHELL, Judge.

To say that the participants in this case have complicated a simple rule of evidentiary admissibility is an understatement. This complication emanates from a misunderstanding or a misstatement of the purposes for which an extrajudicial identification statement may be admitted at trial.

One of the prosecution's witnesses to a shooting, also its victim, recanted his earlier extrajudicial identification of the defendant as his assailant. The State's attorney attempted to admit the extrajudicial identification statements as substantive evidence at trial. The trial judge initially sustained defense counsel's objection to the evidence and refused to

allow in the statements of identification as substantive evidence.

Ultimately, the State's attorney, under pressure from the trial judge, introduced the statements for purposes of impeachment. They were then admitted. The trial judge thereafter proceeded to consider the extrajudicial identification as substantive evidence in the State's case, oscillating from his earlier ruling that the statement was not admissible for that purpose. He cited Maryland Rule 1–501 as authority for admitting the statement as substantive evidence. That rule does not involve the admissibility of such statements as substantive evidence, but rather, it states that any party may impeach a witness's credibility.

The trial judge's consideration of the statements for their substance brought full circle the question of the admissibility of the extrajudicial statements with the State's attorney reasserting her original reason for admitting them. The trial judge, having helped to create an evidentiary merry-go-round, fortuitously got off of it at the right place, albeit for the wrong reasons. Pursuant to *Robeson v. State*, 285 Md. 498, 502, 403 A.2d 1221 (1979), which requires us to affirm the trial court where the record supports its decision, even though the rationale behind the decision is faulty, we will affirm and set out the correct reasons for admitting the statements as substantive evidence. Though this case appears to be complicated at first glance, it actually involves a simple application of the evidentiary principles regarding admissibility of statements of extrajudicial identification.[1]

Keith Delante Joiner, appellant, was convicted in the Circuit Court for Prince George's County, in a court trial, of assault with intent to disable and malicious shooting. Sim-

---

1. Oliver Wendell Holmes in 1 Holmes—Pollock Letters at 156 stated:
 I have long said that there is no such thing as a hard case. I am frightened weekly, but always when you walk up to the lion and lay hold, the hide comes off and the same old donkey of a question of law is underneath.
 We find that to be true in the case sub judice.

ple assault and assault and battery counts were merged into the first count. On appeal, Joiner presents two issues:

1. Whether the prior written statement of a nonparty witness may be admitted at trial as substantive evidence of the truth of the matters asserted therein, where the prior written statement is inconsistent with the witness's live testimony at trial.

2. Whether the lower court erred in denying appellant's motion for judgment of acquittal at the close of evidence.

The parties agreed to the following statement of facts:

On the evening of November 24, 1987, Ralph Williams ("Williams" herein) was walking near his home along the 1900 block of Brooks Drive, in Capital Heights, Maryland, when a car drove up and an altercation ensued between Williams and two males occupying the vehicle. During the altercation, Williams was "shot" in his left ankle, and the two males fled in the car. Williams later gave a written statement regarding the incident to Detective Ricky McCormick of the Prince George's County Police Department. In that statement, Williams named "Keetie" as his assailant, although he did not identify the other male in the car. Later he called the detective and identified "Keetie" as Keith Joiner. Williams was shown a photographic array of suspects several days thereafter and identified the photograph of Appellant Keith Joiner as the individual who had shot him. Thereafter, appellant, a juvenile of 17 years of age, was arrested and charged in the case as an adult.

Prior to the originally scheduled trial date of July 11, 1988, however, Williams recanted his prior statements in which he identified appellant as his assailant, and informed the Assistant State's Attorney assigned to the case that he did not know who his assailant was and informed the prosecutor that he had only named appellant because he was "mad at him." Williams provided a sworn affidavit recanting the identification of appellant as his assailant, which was filed as an attachment to appellant's motion to dismiss the indictment prior to trial.

The State called three witnesses during the course of the trial: Williams and Messrs. McCormick and Moran, the two detectives who spoke with Williams following the incident. The State initially filed a motion to have the court call Williams as the court's own witness, which the trial judge denied. The State then called Williams to the stand, and Williams testified that two boys attacked him and one of them shot at him from the car, but that he did not see the person who shot at him. The State moved to have Williams declared a surprise witness because Williams' foregoing testimony conflicted with the prior statements he had given in which he named appellant as his assailant. Over defense attorney's objection, the trial judge ruled that Williams was a surprise witness and that the State had been prejudiced.

Williams then read his prior written statement and admitted to having written everything in it. The trial judge ultimately admitted the statement into evidence over the objection of defense counsel that the State was attempting to offer it as substantive evidence.[2] Williams also read into evidence a statement on the back of a photograph of appellant that purported to be his handwriting, although Williams stated he could not remember writing it. The statement was, "This is Keith Joiner. He shot me." The photograph and statement were later admitted into evidence over objection of defense counsel. Additionally, one of the detectives testified as to oral statements made to him by the witness in which the witness identified the defendant as his assailant.

## I

The prior written (and oral) statements admitted in this case were not just inconsistent statements, they were statements of extrajudicial identifications made by the witness prior to trial in which the witness identified the defendant as his assailant.

---

**2.** As the trial judge ultimately admitted it for substantive purposes, we do not now readdress the trial judge's preliminary determinations.

*McCormick on Evidence*, § 251 (3d ed. 1984), under the section entitled "Prior Statements of Witnesses as Substantive Evidence," states:

> [T]he Advisory Committee on Federal Rules of Evidence adopted an intermediate position, neither admitting nor rejecting prior statements of witnesses *in toto*, but exempting from classification as hearsay certain prior statements thought by circumstances to be free of the danger of abuse. The exempt statements are (A) inconsistent statements, (B) consistent statements when admissible to rebut certain attacks upon the credibility of the witness, and (C) statements of identification. Federal Rule of Evidence 801(d)(1) provides:

> **(d) Statements which are not hearsay.** A statement is not hearsay if—

>> **(1) Prior statement by witness.** The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is (A) inconsistent with his testimony, and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition, or (B) consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive, or (C) one of identification of a person made after perceiving him . . . .

6 McLain, *Maryland Evidence*, § 801(3).1, provides:

> Under Maryland case law, proof of a prior identification of the accused as the perpetrator of an alleged crime is admissible as substantive evidence, under an exception to the hearsay rule, if the person who made the identification is in attendance and available for cross-examination and the identification was made under circumstances preventing unfair suggestion or confusion.

> Although earlier cases suggested that the evidence of the prior identification might be admissible only as corroborative evidence of a judicial identification, the current case law states that the prior identification may suffice to

sustain a conviction, even when the witness is unable to identify the defendant in court. [footnotes omitted]

The case of *Johnson v. State*, 237 Md. 283, 206 A.2d 138 (1964), involved multiple counts of robbery, taking place at different taverns. Some of the witnesses to the Bower's Cafe robbery, charged in one count, testified that they had identified the robbers at lineups but were not asked to identify, nor did they identify, the defendants in court. Another witness testified that he could not identify any of the robbers. A police officer who had made a record of the identifications made by the witnesses was permitted to testify that the witnesses had identified the robbers. The witnesses to the Dutch's Tavern robbery testified that they had made lineup identifications, but did not testify as to whom they had identified. The police officer testified that these witnesses had identified the defendants. The witnesses were then recalled and verified the officer's statement. The Court of Appeals stated:

> The admissibility of this type of evidence as an exception to the hearsay rule was recognized by this Court in *Basoff v. State*, 208 Md. 643, 119 A.2d 917 (1956). There it was held that testimony of an extrajudicial identification was admissible where the identification was such as to preclude any suspicion of unfairness or unreliability. Evidence of this nature was, at first, admitted as corroborative of a judicial identification, but it was later held to be admissible, under some circumstances, as substantive evidence. See *Judy v. State*, 218 Md. 168, 146 A.2d 29 (1958)....

* * * * * *

While the cases, which are collected in an annotation in 71 A.L.R.2d 449, indicate that the primary objection to testimony of an extrajudicial identification is that it is hearsay, it is evident that the use of such identifications either as corroborative or substantive evidence is gaining recognition in the courts of other jurisdictions as well as this. In *Judy v. State, supra,* we recognized (at p. 174 of 218 Md. [146 A.2d 29]) that "evidence is hearsay only

when it derives its value, not solely from the credit given to the witness himself, but in part from the veracity and competency of another person." However, where the out-of-court declarant is available as a witness, the dangers sought to be avoided by the hearsay rule are not present.... We hold therefore that where, as here, the identifying victims or eyewitnesses were present and subject to cross-examination, the testimony of the police officer as to the extrajudicial identifications was admissible.

Even where witnesses do not make a courtroom identification of the indictees, an extrajudicial identification is admissible as evidence over an objection that it is not the best evidence. *State v. Simmons* [63 Wash.2d 17], 385 P.2d 389 (1963). We note that the *Simmons* case cited *Judy v. State, supra,* for the proposition that the first identification is usually the best identification. For other cases that have admitted evidence of extrajudicial identifications even where no positive courtroom identification was made, see *People v. Gould* [54 Cal.2d 621, 7 Cal.Rptr. 273], 354 P.2d 865 (1960) and *State v. Wilson* [38 Wash.2d 593], 231 P.2d 288 (1951), *cert. den.* 342 U.S. 855 [72 S.Ct. 81, 96 L.Ed. 644] (1951) and 343 U.S. 950 [72 S.Ct. 1044, 96 L.Ed. 1352] (1952). See also *Bulluck v. State,* 219 Md. 67, 148 A.2d 433 (1959), *cert. den.* 361 U.S. 847 [80 S.Ct. 102, 4 L.Ed.2d 85] (1959), where the victim testified that the accused resembled her attacker very closely but made no positive courtroom identification.

*Johnson*[, 237 Md.] at 289–91, 206 A.2d 138.

*See Cook v. State,* 8 Md.App. 243, 259 A.2d 326 (1969), where Judge Orth stated for this Court:

The general rule in this jurisdiction has been long established that evidence to show the identity of an accused as the criminal agent in the perpetration of the crime charged was admissible when adduced from:

1) an eyewitness to the crime, by such witness

 a) making a judicial identification; or

b) testifying as to an extrajudicial identification made by the witness;

2) *a third party testifying as to an extrajudicial identification by an eyewitness when made under circumstances precluding the suspicion of unfairness or unreliability, where the out of court declarant was present at trial and subject to cross-examination.* See *Judy v. State,* 218 Md. 168, 174 [146 A.2d 29]; *Walters v. State,* 242 Md. 235, 239 [218 A.2d 678]; *Johnson v. State,* 237 Md. 283, 289 [206 A.2d 138]; cited in *Smith and Samuels v. State,* 6 Md.App. 59, 63–64 [250 A.2d 285]. The substance of these rules of law are still effective in the light of the Wade–Gilbert–Stovall trilogy of opinions decided by the Supreme Court of the United States.

*Cook,* 8 Md.App. at 245–46, 259 A.2d 326 (emphasis added, footnote omitted).[3]

The Court of Appeals decision in *Bedford v. State,* 293 Md. 172, 443 A.2d 78 (1982), is a controlling Maryland case on the admissibility of extrajudicial identification. The Court of Appeals stated at 176, 443 A.2d 78 that:

[A]n extrajudicial identification made by a witness may be offered in evidence for three possible purposes: (1) for corroboration; (2) for impeachment; or (3) as substantive evidence of an identification, having probative value.

---

**3.** *See also Cousins v. State,* 18 Md.App. 552, 308 A.2d 692 (1973), at 558, 308 A.2d 692 where, in the context of the sufficiency of the evidence issue, we restated the Maryland law on the admission of extrajudicial identification, concluding:

Maryland has long held that evidence of an extra-judicial identification is admissible as substantive and not corroborative evidence when made under circumstances precluding suspicion of unfairness or unreliability and where the out of court declarant is present at the trial and subject to cross-examination.... It is, of course, well established [that] the test for reviewing the sufficiency of the evidence in Maryland appellate courts is whether or not there is any evidence from which there can be a rational inference of guilt. Under the circumstances of this case we hold that the question was a matter of weight to be determined by the jury.

*Cousins,* 18 Md.App. at 558, 308 A.2d 692 (citations omitted).

The Court cited the California case of *People v. Gould*, 54 Cal.2d 621, 7 Cal.Rptr. 273, 354 P.2d 865 (1960), as supporting authority and quoted from it [293 Md.] at 178, 443 A.2d 78:

> The failure of the witness to repeat the extrajudicial identification in court does not destroy its probative value, for such failure may be explained by loss of memory or other circumstances. The extrajudicial identification tends to connect the defendant with the crime, and the principal danger of admitting hearsay evidence is not present since the witness is available at the trial for cross-examination. [citations omitted]

The *Bedford* Court held that the extrajudicial photographic identification at issue in that case was sufficient evidence of the defendant's criminal agency to support a conviction, "notwithstanding the fact that the victim may be unable to identify him at the time of trial." *Id.* at 185, 443 A.2d 78.

The Court of Appeals in *Simkus v. State*, 296 Md. 718, 464 A.2d 1055 (1983), was concerned primarily with the issue of hypnosis, specifically, with any effect hypnosis may have on the admissibility of an in-court identification. Prior to hypnosis, a witness gave statements including descriptions and made a photo identification of Simkus. On the back of the photo of Simkus, the witness wrote that Simkus was the man she had seen with the victim. She also signed the back of the photo.

The Court, in deciding whether to permit the witness to testify, in light of her having been hypnotized, citing *Bedford*, stated: "Even if she had made no courtroom identification of Simkus, her extrajudicial identification would have been admissible." *Simkus*, 296 Md. at 727, 464 A.2d 1055 (citations omitted). The Court of Appeals, when faced with a similar issue of hypnosis in *Calhoun v. State*, 297 Md. 563, 578, 468 A.2d 45 (1983), also citing *Bedford*, made an identical statement with modification only as to witness's gender and to the defendant's name. *Accord Webster v. State*, 299 Md. 581, 474 A.2d 1305 (1984); *Bloodsworth v.*

*State,* 76 Md.App. 23, 543 A.2d 382 (1988); *Bullock v. State,* 76 Md.App. 85, 543 A.2d 858 (1988).

■ Most of the authorities we have cited regarding extrajudicial evidence admissibility discuss it in terms of formal identification procedures, such as lineups and photographic arrays. It is clear, however, that, so long as the witness is available for cross-examination, third parties who witness these types of identifications are permitted to testify regarding them. It is equally clear that such third parties are testifying as to the *statements* of identification, oral or otherwise, made by the witness during these formal procedures. We hold that a witness's identification of his assailant to an officer based on his personal knowledge (*i.e.,* that the witness knew the assailant) is no less an extrajudicial identification than those made at or during more formal proceedings, and is therefore no less admissible.

The trial judge recognized that the evidence of extrajudicial identification was admissible.

As I understand the modern rule, not the rule I learned in law school, but the modern rule, once the trier of fact is privy to factual information, they may use it for whatever and in whatever manner consistent with the Court's instructions they will, including the truth of the things stated. *That's my understanding of the modern law and I'll stand corrected if I'm wrong, but your objection to it is being considered for substance purposes is noted and the objection is overruled.* [emphasis added] [4]

The trial court judge made the following ruling regarding the defendant's motion for judgment of acquittal at the close of the State's case:

My ruling is I will not grant your motion based upon refusal to consider the statements of the witness as not

_____

4. While we uphold the "end," we do not necessarily adopt the "means."

being substantive, if, if I believe them to be true. Truth is what we seek. Truth is what is important.

The trial judge then stated:

[I]t's purely a question of do you believe him when he said that man shot him, or do you not believe—or do you believe him when he says I don't know who shot me.

I choose to believe that when he made that statement to the police he was telling the truth . . . .

It is clear that he was admitting and considering as evidence those parts of Williams' statement(s) relating to the identification of Joiner as the shooter as substantive evidence even though he did not explicitly state it.

 The trial judge was permitted to consider the extrajudicial identification statements for impeachment purposes to the extent that they were inconsistent with Williams' in-court testimony. Because Williams was available for cross-examination, those portions of his statements that constituted extrajudicial identification were admissible for substantive purposes. While the record is confusing to some extent, a reading of the transcript indicates that the trial judge properly admitted and properly considered for substantive purposes only those portions of the statements relating to extrajudicial identification.[5] We hold that the trial court was correct in considering the extrajudicial identification as substantive evidence even if it relied on misstated authority. "[W]here the record in a case adequately demonstrates that the decision of the trial court was correct, although on a ground not relied upon by the trial court and perhaps not even raised by the parties, an appellate court will affirm. In other words, a trial court's decision may be correct, although for a different reason than relied on by that court." *Robeson v. State*, 285 Md. 498, 502, 403 A.2d 1221 (1979) (citation omitted). While the trial court's

---

**5.** There was no defense other than the identification presented. The defense apparently relied on the trial testimony of Williams as its complete defense.

rationale for admitting the statements as substantive evidence was faulty, its ruling was not in error.

## II ·

The trial court had before it the uncontested fact that Williams was shot. It had conflicting testimony from Williams as to the identity of the assailant. Much of Williams' in-court testimony had been impeached by his out-of-court statements. The standard we must apply under the procedural posture of this case is the standard of sufficiency of the evidence.

> [T]he standard to apply is "whether, after viewing the evidence in the light *most favorable to the prosecution, any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."

*Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Tichnell v. State,* 287 Md. 695, 717, 415 A.2d 830 (1980) (emphasis in original).

There is sufficient evidence, if believed, as it was by the trier of fact, upon which Joiner's conviction could be based.

JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.